UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 24-CR-10254-AK |
| ) | |
| JERRY GRAY, ) | |
| Defendant. ) | |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

**KELLEY, D.J.**

WHEREAS, on March 12, 2025, the United States Attorney for the District of Massachusetts filed a two-count Superseding Information charging defendant Jerry Gray (the "Defendant") with Distribution of and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841 (a)(1) (Count One), and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Two);

WHEREAS, the Superseding Information also included a drug forfeiture allegation, pursuant to 21 U.S.C. § 853, which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Superseding Information, of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.  The property to be forfeited includes, but is not limited to the following;

    a. $477 in United States currency (the "Currency");

WHEREAS, the Superseding Information also included a firearm forfeiture allegation, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), which provided notice that the

1

United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Two of the Superseding Information of any firearm or ammunition involved in or used in any knowing commission of the offenses. The property to be forfeited includes, but is not limited to the following:

    a.    A Glock model 17 Gen 4, 9mm semi-automatic pistol, bearing serial number TBN013;

    b.    29 rounds of 9mm ammunition;

    c.    27 rounds of .40 caliber ammunition;

    d.    1 round of .38 caliber ammunition;

    e.    4 rounds of .45 caliber ammunition; and

    f.    2 firearm magazines

(collectively, with the Currency, the "Properties");

WHEREAS, the Superseding Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to Title 21, United States Code, 853(p) and to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the property described in Paragraph 2 and 3 above;

WHEREAS, on April 17, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of

Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Superseding Information, pursuant to a written plea agreement that he signed on March 10, 2025;

WHEREAS, in Section 7 of the plea agreement, the Defendant admitted that the Properties are subject to forfeiture because they were involved in Defendant's offense charged in Count One and Two of the Superseding Information;

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c);

WHEREAS, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. §2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2. The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3. Accordingly, all of Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the

United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

5.  Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. §2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6.  Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. §2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7.  Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. §2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8.  Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. §2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for

the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. §2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Amended Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Angel Kelley

**ANGEL KELLEY**
United States District Judge

Dated:   8/20/2025